334 So.2d 656 (1976)
L.L.J., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-970.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 29, 1976.
Phillip A. Hubbart, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
On February 27, 1975, appellant, a child of 14 years of age, was charged in a petition for delinquency with loitering and prowling in a parking garage at the Miami International Airport. An adjudicatory hearing was held. The judge of the juvenile court found "beyond and to the exclusion of any reasonable doubt that said child ... did unlawfully loiter and prowl ...," adjudication was temporarily withheld and the child was placed on probation in the custody of his mother under the supervision of the Division of Youth Services. This appeal ensued.
The evidence adduced at the adjudicatory hearing showed that on January 29, 1975, a uniformed Dade County Public Safety Department Officer observed the appellant and another youth walking into a parking garage at Miami International Airport. They walked between the motor vehicles on the ground level, exited the building and walked across to the next parking garage. When the appellant saw the officer, "... he turned, and said something to the other subject, and took off running, and the other subject hesitated and took off running." The officer pursued the youths, lost sight of them and next saw the appellant crawling underneath a ramp to the building. The officer apprehended and arrested the appellant. The officer testified that the youths were not questioned as to what they were doing there until after they were placed under arrest for loitering and prowling. Following the testimony of the State's witnesses, the State rested and defense counsel moved for judgment of acquittal on the grounds that the arrest was not pursuant to Chapter 39, Fla. Stat., because the offense occurred outside the presence of the arresting officer; that there was no prima facie showing that there was any concern for the safety of persons or property in the vicinity; *657 and that the officers failed to ask for a reasonable explanation from the two youths before placing them under arrest. The motion was denied. The defense then rested and renewed the motion for judgment of acquittal on the ground that the State failed to prove a prima facie case. The motion was denied, and the appellant was found to have committed the delinquent act. The court withheld adjudication and placed the youth on probation in the custody of his mother. We reverse.
It is uncontroverted from the record that the State failed to introduce evidence that the police gave the appellant an opportunity to explain his presence and conduct or to show circumstances making it impracticable to give the appellant such an opportunity, pursuant to the requirements of § 856.021, Fla. Stat. See State v. Ecker, Fla. 1975, 311 So.2d 104.
Reversed.
HENDRY, Judge, dissents.